UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:
ROBERT S. SHUMAKE,
    Debtor

Chapter 7
Case No. 13-40001
Hon. Walter Shapero

_____/

GENERAL RETIREMENT SYSTEM OF THE
CITY OF DETROIT, POLICE AND FIRE
RETIREMENT SYSTEM OF THE CITY OF
DETROIT et al
    Plaintiffs,

vs.

Adver. Proc. No. 13-04554

ROBERT S. SHUMAKE,
    Defendant.

_____/

## **DEFENDANT'S RULE 26(a) (1) DISCLOSURES**

Pursuant to Fed.R.Civ.P. Rule 26(a) (1) (A), the Defendant Robert Shumake makes the initial disclosures below. Please note that these disclosures may be amended and/or supplemented as a result of continuing discovery in this case. Subject to the foregoing, Defendant makes the following initial disclosures:

I.    Identification of individuals likely to have discoverable information that the Defendant may use to support its defenses.

    a. Defendant Robert Shumake. During the period of time referred to in Plaintiffs' Complaint, Robert Shumake was the manager and majority member of the entities with whom the Plaintiffs entered into the business transactions described in the Complaint. The subject of discoverable information of Defendant relates to the interactions between Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and

1

attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activates related to those business entities.

b. Adrienne Lance Lucas, 1400 Veterans Memorial Hwy, Suite 134-271, Mableton, GA 30126. During the period of time referred to in Plaintiffs' Complaint, Ms. Lucas was a manager and book keeper and a minority member of some of the entities with whom the Plaintiffs entered into the business transactions described in the Complaint. The subject of discoverable information from Ms. Lance Lucas relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

c. Ronald Zajac, c/o counsel for Plaintiffs. Upon information and belief, Mr. Zajac was, during the relevant period of time referred to in Plaintiffs' Complaint, the attorney for the Plaintiffs. The subject of discoverable information from Mr. Zajac relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents,

2

trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

d. John Clark, c/o counsel for Plaintiffs. Upon information and belief, Mr. Clark was, during the relevant period of time referred to in Plaintiffs' Complaint, an agent or representative of the Plaintiffs. The subject of discoverable information from Mr. Clark relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs' and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

e. Michael Pankake, current address unknown. Upon information and belief, Mr. Pankake was, during the relevant period of time referred to in Plaintiffs' Complaint, a consultant, agent or representative of the Plaintiffs. The subject of

3

discoverable information from Mr. Pankake relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaints, the accounting and other financial reporting and activities related to those business entities.

f. "Trustte" Kneeshaw c/o counsel for Plaintiffs. Upon information and belief, Trustee Kneeshaw was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

4

g. "Trustte" Cook, c/o counsel for Plaintiffs. Upon information and belief this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaints, the accounting and other financial reporting and activities related to those business entities.

h. "Trustte" Anthony, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the

5

business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

i. "Trustte" Brooks, c/o counsel for Plaintiffs. Upon information and belief this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

j. "Trustte" Reihl, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects

6

of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

k. "Trustee" Best, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

l. "Trustee" Butler, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs

7

and Plaintiffs, representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

m. "Trustee" Gnatek, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaints, the accounting and other financial reporting and activities related to those business entities.

n. "Trustee" Johnson, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs'

Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

o. "Trustee" Jones, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint,

the accounting and other financial reporting and activities related to those business entities.

p. "Trustee" Neary, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

q. "Trustee" Pegg, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon

the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

r. "Trustee" Stewart, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

s. "Trustee" Moore, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys,

11

including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

t. "Trustee" Clark, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

u. "Trustee" Jenkins, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs' Complaint, a trustee, agent or representative of the Plaintiffs. The subject of

12

discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

v. "Trustee" Glaser, c/o counsel for Plaintiffs. Upon information and belief, this Trustee was, during the relevant period of time referred to in Plaintiffs, Complaint, a trustee, agent or representative of the Plaintiffs. The subject of discoverable information from this Trustee relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

w. Representatives of Wakler and Dunlop, including Paul Bernard, c/o counsel for Plaintiffs. Upon information and belief, Walker and Dunlop, including Mr. Bernard was, during the relevant period of time referred to in Plaintiffs' Complaint, an employee of Walker and Dunlop, and the successor manager of the entity known as ICG, and as such was and is an agent or representative of the Plaintiffs. The subject of discoverable information from Mr. Bernard relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaints, the accounting and other financial reporting and activities related to those business entities.

x. Dr. Allan Reinstein, CPA, (expert in accounting). Dr. Reinstein is expected to testify regarding the accounting activities and reports provided by the Defendant's entities to the Plaintiffs as the same relate to the management, administration and accounting of those entities and their assets.

y. Dawn Lamsa CPA (expert). Ms. Lamsa is expected to testify regarding the accounting activities and reports provided by the Defendant's entities to the Plaintiffs as the same relate to the management, administration and accounting of those entities and their assets.

z. Certain employees, agents or representatives of UHY ADVISORS, MICHIGAN, (expert in accounting) to testify regarding UHY's conduct in performing professional services for the Fund. UHY Advisors provided accounting services to Defendant and the related entities and are expected to testify regarding the accounting activities and reports provided by the Defendant's entities to the Plaintiffs as the same relate to the management, administration and accounting of those entities and their assets.

aa. Representatives and board members of PFRS and GRS, c/o counsel for Plaintiffs. Upon information and belief, these persons were, during the relevant period of time referred to in Plaintiffs' Complaint, trustees, agents or representatives of the Plaintiffs. The subject of discoverable information from these persons relates to the interactions between Defendant and the entities owned or controlled by Defendant and Plaintiffs and Plaintiffs' representatives, agents, trustees, board members and attorneys, including email interactions between Defendant and those representatives, the terms and conditions of the various contracts that control the business aspects of those transactions, the additional payments and obligations imposed upon the Defendant and his related companies by the Plaintiffs and their trustees, agents and representatives, the management and administration of the business entities and assets that are the subject of the Plaintiffs' Complaint, the accounting and other financial reporting and activities related to those business entities.

bb. Persons identified by the Plaintiffs in their disclosures.

II. Documents and electronically stored information, and tangible things that the Defendant/Counter-Plaintiff has in its possession, custody, or control and may use to support its claims or defenses:

    a. Articles of Organization for each of the parties

    b. Operating Agreements for each party

    c. ICG Operating Agreement and amendments

    d. ICG Audited Financial Statements

    e. Consolidated Financial Statements related to ICG

    f. ICG Tax returns

    g. Correspondence related to unaudited reports

    h. Appraisals and related documents

    i. All Affidavits of any party and/or witnesses

    j. Correspondence related to any capital call

    k. Correspondence related to any request for document inspections

    l. All pleadings, motions and papers filed in this litigation

    m. Audits performed for ICG

    n. Internally generated financial reports

    o. Bank Statements of ICG

    p. Tax statements and related expenses

    q. Leases between ICG and tenants

    r. Contracts, Agreements and leases entered into between ICG and any other entity including property managers, tenants, vendors

    s. Insurance policies insuring ICG properties

    t. Rent rolls for all ICG owned properties

    u. Minutes of any meetings held by PFRS and/or GRS

16

13-04554-wsd    Doc 12    Filed 10/15/13    Entered 10/15/13 16:05:24    Page 16 of 19

v.   Resolutions of the boards of directors, board of trustees or officers of PFRS and/or GRS.

w.   All correspondence sent to or from or on behalf of PFRS and/or GRS

x.   Correspondence to and from representatives of any party

y.   Deeds, mortgages and conveyances related to any properties acquired or sold by ICG.

z.   All audits, financial reports and related information provided to or created by W&D Real Estate Opportunity Fund I Manager, LLC,

aa.  All bank records of W&D Real Estate Opportunity Fund I Manager, LLC.

bb.  All e-mail, facsimile, and mail correspondences between GRS, PFRS and Defendants, or between their respective attorneys;

cc.  All email, facsimile, and mail correspondences between Plaintiff and Walker and Dunlop and/or their agents.

dd.  All emails, facsimile and mail correspondence between GRS and/or PFRS and any other person regarding this matter,

ee.  Responses to written discovery served by the parties;

Respectfully submitted,
JOELSON ROSENBERG, PLC

By: /s/ *David W. Warren*
David W. Warren (P32449)
Attorneys for Defendant (in A.P 13-04554)
30665 Northwestern Hwy., Ste. 200
Farmington Hills, Michigan 48334
(248) 855-2233
dwwarren@joelsonrosenberg.com

Dated: October 15, 2013

17

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, I electronically filed **Defendant's Rule 26(a) (1) Disclosures and Certificate of Service** with the Clerk of the Court using the ECF system which will send notification of such filing to the following parties electronically pursuant to the courts notice of service:

    Office of the U.S. Trustee
    Via ECF

    Kimberly Ross Clayson on behalf of Trustee K. Jin Lim
    kclayson@schneidermiller.com

    Peter A. Jackson on behalf of Creditor General Retirement System of the City of Detroit and Police and Fire Retirement System of the City of Detroit
    pjackson@clarkhill.com, MLaCroix@ClarkHill.com

    Jay S. Kalish on behalf of Creditor Prime Financial, Inc.
    JSKalish@aol.com

    K. Jin Lim
    kjinlimtrustee@comcast.net; MI13@ecfebis.com

    Thomas R. Morris on behalf of Debtor Robert S. Shumake
    morris@silvermanmorris.com; marlene@silvermanmorris.com

    Nathan D. Petrusak on behalf of Creditor Fifth Third Mortgage-MI, LLC
    ecf@orlaw.com, npetrusak@orlaw.com

    Nathan D. Petrusak on behalf of Plaintiff Fifth Third Bank
    ecf@orlaw.com, npetrusak@orlaw.com

    Nathan D. Petrusak on behalf of Plaintiff Fifth Third Mortgage Company
    ecf@orlaw.com, npetrusak@orlaw.com

    Nathan D. Petrusak on behalf of Plaintiff Fifth Third Mortgage-MI, LLC
    ecf@orlaw.com, npetrusak@orlaw.com

    Kenneth M. Scheider on behalf of Trustee K. Jin Lim
    kscheider@schneidermiller.com

Thomas R. Alward on behalf of JPMorgan Chase Bank, N.A.
manderson@bfarlaw.com

        Respectfully submitted:
        JOELSON ROSENBERG, PLC

        By: */s/ David W. Warren*
        David W. Warren (P32449)
        Attorneys for Defendant (in A.P 13-04554)
        30665 Northwestern Hwy., Ste. 200
        Farmington Hills, Michigan 48334
        (248) 855-2233

Dated: October 15, 2013        dwwarren@joelsonrosenberg.com